## FAILURE TO INSTRUCT EMPLOYE ENGAGED IN DANGEROUS WORK.

Circuit Court of Cuyahoga County.

JENNIE HAWKINS, ADMINISTRATOR, v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.*

Decided, February 21, 1905.

*Master and Servant—Death by Wrongful Act—Failure to Instruct as to Hazard of Employment—Failure of Evidence.*

Evidence that the employer failed to instruct employe as to hazard of employment, and that the employe was killed by an accident in the discharge of his duty, is not sufficient to go to a jury where there is no evidence that the failure to instruct caused the accident.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Plaintiff in error was plaintiff below and brought her action against defendant to recover damages for the death of her son, which she alleges was caused by the negligence of defendant. The case has been twice tried by jury. The first trial resulted in a verdict for the plaintiff, which this court set aside on the ground that the verdict was not sustained by sufficient evidence and remanded the cause for a new trial. The opinion of the court at that time sufficiently set forth the facts of the case and the conclusions of the court, rendering extended comment upon the case at this time unnecessary.

Attention, however, is called to what was then said that:

"The testimony fails utterly to show the manner of his (Hawkins) death. * * * The testimony fails to show that the accident was caused by peril of which it was the duty of the company to instruct the decedent, or that a failure to give such instructions was the proximate cause of his death."

The case was tried a second time in the common pleas court and at the close of plaintiff's testimony the trial judge directed

---

*Affirmed without opinion, *Hawkins v. Railway*, 74 Ohio State, 424.

a verdict for the defendant, to review which ruling the cause is here a second time.

While some additional evidence was introduced at the second trial, it is all along the line of establishing a basis for the presumption that the deceased was upon the top of the car just before the accident occurred which caused his death. With all this additional evidence, after able and exhaustive arguments by skillful counsel and a careful consideration of the evidence, we are unable to come to any other conclusion than that quoted from the former opinion of this court.

The only facts established at the last hearing were: that 'George Hawkins was a brakeman of little experience; an accident happened; Hawkins was killed. There was also evidence tending to show that defendant failed to fully instruct decedent as to the perils of his occupation, but as to the cause of Hawkins' death and that it was due to failure of the company to instruct him of the peril which came upon him and killed him, there was no proof. The negligence complained of was this failure to properly instruct.

The trial court evidently followed the last ruling of this court and was justified in so doing. The mere fact of the accident did not raise a presumption of negligence on the part of the defendant. *Huff* v. *Austin,* 46 O. S., 386.

There is no presumption that neglect to instruct as to hazards of the employment was the cause of the injury in the absence of proof as to the physical cause of the accident. The theory upon which the case was presented is that a car upon the top of which Hawkins was standing became uncoupled by reason of a defective coupler, collided with another car backed into it by the engineer and precipitated Hawkins between the two cars, because he was uninstructed as to what to do under the circumstances and for that reason did not know how to save himself.

Circumstances were shown in evidence from which it might be deduced that Hawkins was on top of the car just as the accident occurred, but they are not conclusive of that fact. A noise was heard "as of cars coming together," from which it might be inferred that the two cars came together violently; one of them

was knocked off the center of its rear tracks—but that they had been uncoupled without Hawkins' knowledge or active participation therein, there was no proof. They were properly coupled before and after the accident. There was no defect in the couplers shown. That Hawkins was precipitated between the two cars may be presumed from circumstantial evidence in the case, but other circumstances shown, particularly the position of the body when found, would lead to an equally natural inference that he was on the ground, stepped between the two cars, to climb to the top of one of them, and slipped or stumbled and fell under the wheels. Nor is it to be inferred from the evidence, seeing that the evidence as to the physical cause of the accident is largely inferential, that the company could have given Hawkins any amount of instruction as to the peril he actually encountered, which would have saved his life.

Such being the character of the evidence at the last trial, it would have been error for the trial judge to submit the case to the jury for its speculation as to the cause of the accident and the negligence of the defendant. *Railway Co.* v. *Andrews,* 58 O. S., 426; *Railway Co.* v. *Marsh,* 63 O. S., 236; *United States* v. *Ross,* 92 U. S., 281; *Gerwe* v. *Consolidated Fireworks Co.,* 12 C. C., 420; *Connell* v. *Miller, etc., Mfg. Co.,* 19 Bull., 22.

Judgment affirmed.